1  Richard/ Maria Shupe, Pro Se
2  3657 S Double Echo Rd.
3  Tucson, AZ 85735
4  mmm9088@gmail.com
5

FILED ✓
RECEIVED
LODGED
COPY

7    MAR 2 6 2018    7

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

6          UNITED STATES DISTRICT COURT
7              PIMA COUNTY, ARIZONA
8
9          CV18- 159TUC DCB
10
11  Richard/Maria Shupe          Case No._____
12          Plaintiffs
13  v.                           CIVIL COMPLAINT FOR :
14
15  Lewis & Lewis Insurance Agency Inc.
16  Jim Lewis                    A.R.S. 44-1522 CONSUMER FRAUD
17                               BREACH OF CONTRACT
18  Qualitas Compania de Seguros,    NEGLIGENCE
19  S.A. Grupo AUSA              INTENTIONAL INFLICTION OF
20          Defendants          EMOTIONAL/PHYSICAL  INJURY
21                               BREACH OF FIDUCIARY DUTY
22                               BREACH OF THE  IMPLIED
23                               DUTY OF GOOD FAITH & FAIR
24                               DEALING
25                               UNJUST ENRICHMENT
26
27
28          DEMAND FOR TRIAL BY JURY
29  _____
30
31      **Comes** now the Plaintiff's in the above captioned Civil Complaint, and
32  herein submit their claims against the above named defendants.
33
34
35                          1

1   **STATEMENT OF CLAIMS**
2
3       This action is being brought by the Plaintiffs due to the intentional and
4   willful fraud; breach of contract; and negligence of the defendants, causing
5   physical injury, emotional distress, and money damages to the Plaintiffs.
6
7   **PARTIES**
8       The Plaintiffs are natural persons whom reside in Tucson, Arizona.
9   Defendant Lewis & Lewis Insurance Agency Inc. is an Insurance Broker doing
10  business out of California.   Defendant  Qualitas Compania de c S.A. Grupo AUSA is
11  an automobile Insurance Co., whose headquarters is located Mexico City, Mexico.
12
13  **JURISDICTION**
14      **This** Court has jurisdiction over this case pursuant to 28 U.S.C. 1332; both
15  Defendant's business headquarters are outside of the State of Arizona.  The
16  amount sought in this action exceeds $75,000.00.  Both defendants operate their
17  businesses in the state of California; and the country of Mexico.
18
19  **HISTORY**
20
21      On November 22, 2017 the Plaintiff's purchased a Recreational Vehicle
22  insurance policy for travel into the country of Mexico, from Defendant Lewis
23  and Lewis, via their website.  The Shupe's paid for said insurance policy via their
24  Bank of American credit card.  The Shupe's credit card payment was accepted by
25  Defendant Lewis, and the policy was issued, effective date of Nov. 22, 2017.
26      On November 26, 2017, four days later, the Shupe's were involved in an
27  accident in Guadalajara, Jalisco Mexico. At the scene of the accident was Richard
28  Shupe; Maria Shupe; two occupants of the other vehicle; and the Police.
29      The Shupe's immediately called Defendant Qualitas to report said accident,
30  as required by the provisions of the insurance policy.  Mrs. Shupe made said call
31  because Mrs. Shupe is fluent in the language of Spanish.
32
33

1        Mrs. Shupe made telephone contact with the agent of Qualitas.  The
2   Qualitas agent informed Mrs. Shupe that due to "non-payment", the policy
3   was voided and not in effect.
4        Mrs. Shupe explained complete and full details of the policy's purchase,
5   of which included the fact that they had paid with a Bank of America credit card,
6   which payment for said policy was accepted prior to the policy being issued.
7   Said agent also conveyed same to the Police officer; and to the driver of the
8   other vehicle. After much conversation, the Qualitas agent hung up on Mrs.
9   Shupe.
10       The Shupe's were then told by the Police officer, that if they didn't settle
11  the matter with the other driver "then and there"; that both vehicles would be
12  towed, and confiscated. Even thou the other driver was clearly at fault, the
13  Shupe's were forced to pay $22,500 pesos ( $1250.00 U.S. Dlls.) to said driver; in
14  order to avoid having their vehicle confiscated by authorities. During said
15  incident, Mr. Shupe due to stress, hyperventilated, causing severe physical
16  distress to Mr. Shupe.
17       After the Shupe's were allowed to move on, the stress was not over.  The
18  Shupe's believed they didn't have enough pesos to pass through the two
19  remaining interstate tow booths.  The Shupe's managed to pay the first tow,
20  but knew they didn't have enough pesos to pay the second tow booth.  The
21  Shupe's thought if they could make it to the second booth, they would be close
22  enough to call family members. which could drive to them with assistance.
23  Fortunately for the Shupe's, the second tow booth had been taken over by
24  protesters, and the Shupe's were allowed to pass through without paying.
25       The Shupe's parked their RV on the public street in front of the family
26  residence.  On Dec. 18, 2017 an unknown person[s] vandalized the Shupe's
27  RV, in addition to other vehicles parked in front and behind the Shupe's
28  RV.  The vandal[s] painted a black line about one and a half inches thick down
29  the complete passenger side of the vehicle.
30       On Monday, 12/18/2017 the Plaintiff's emailed Defendant Lewis & Lewis to
31  report the vandalism to their RV, giving the address of where the incident
32
33                                        3

1   happen, etc. Defendant Lewis acknowledged said email, but no contact by
2   Defendant Qualitas was made any time thereafter.
3       Upon the return to the U.S. by the Shupe's, of which occurred on Jan. 16,
4   2018, the Shupe's obtained damages estimates on their RV.  Defendant Lewis
5   request on Jan. 4, 2018 via email for the Shupe's to send damage estimates.
6       On January 22, the Shupe's sent Defendant Lewis & Lewis the estimate
7   etc. that Lewis & Lewis requested; via certified mail.
8       On January 25th, Defendant Lewis & Lewis sent an email to the Shupe's
9   informing the Shupe's that said letter, containing the estimates, etc. had been
10  refused by them.  Upon return of said estimate, Mr. Shupe sent the estimate
11  to Defendant Lewis regular mail, of which estimate was received and
12  acknowledged by Defendant Lewis.
13      As of the filing of this Complaint, the Shupe's have not been in any manner
14  been contacted by Defendant Qualitas, nor have any damages been paid by either
15  party.
16
17                          **COUNT ONE**
18                 **VIOLATION OF A.R.S. 44-1522**
19      Plaintiffs herein by reference incorporates all of the paragraphs of this
20  complaint as though fully stated herein.
21      Arizona Revised Statute 44-1522 is Arizona's Consumer Fraud Statute.
22  A.R.S. 44-1522 states as follows:
23      **"A. The act, use or employment by any person of any deception,**
24  **deceptive or unfair act or practice, fraud, false pretense, false promise,**
25  **misrepresentation, or concealment, suppression or omission of any material**
26  **fact with intent that others rely on such concealment, suppression or omission,**
27  **in connection with the sale or advertisement of any merchandise whether or**
28  **not any person has in fact been misled, deceived or damaged thereby, is**
29  **declared to be an unlawful practice."**
30      The Defendant's purposefully concealed; omitted material facts, that would
31  influence the  purchase of Mexican Auto Insurance, on the internet website of
32  Defendant, Lewis & Lewis.  Defendant Qualitas advertises their auto insurance
33                              4

1   policies through Defendant Lewis.

2         The Defendant[s] failed to give any information at the time said insurance
3   was purchased by the Plaintiffs, regarding the Insurer; such as insurance business
4   rating; name and address of the insurer; and any information regarding the
5   "terms" of the Insurance Policy, prior to the purchase of said insurance. ( the
6   Lewis & Lewis website will only provide the "policy" upon approval of the
7   payment, at which time the consumer may download their policy); said website
8   did not at the time the Plaintiffs purchase said insurance, enable the consumer
9   to view the "small print details" of the policy.

10         The Defendant[s] website failed to provide the Plaintiffs with any
11   information regarding the differences between U.S., and Mexican Insurance
12   claims procedures. This information is critical, because there are vast differences
13   between Mexican Auto Insurance procedures and laws, v. U.S. procedures and
14   laws, in the event of an accident.

15         The Defendant[s] website failed to inform the Plaintiffs of the vast
16   differences of currency laws between the two countries, and how said laws
17   could affect travel into Mexico.

18         The Defendant[s] clearly; purposefully; and intentionally violated A.R.S.
19   44-1522, thereby denying consumers the opportunity to make a "purchasing
20   decision" with "all the material facts" that would influence such a decision.

21

22   **COUNT TWO**
23   **BREACH OF CONTRACT**

24

25         Plaintiffs herein incorporates by reference all of the paragraphs of this
26   Complaint as though fully stated herein.

27         On November 22, 2017 having paid in full for an annual RV insurance policy,
28   through Defendant Qualitas, the Plaintiffs believed they had entered into a
29   binding insurance contract with the Mexican insurer.  The Shupe's had two
30   property damages events.  The first, as above described, was the auto accident.
31   The second incident occurred in the night of Jan 3rd, when an unknown person[s]

32                                         5

1    painted black graffiti paint on the Plaintiffs RV.  Having been told by defendant
2    that they didn't have an insurance policy with them, the Plaintiffs reported the
3    graffiti incident to Defendant Lewis & Lewis, via email communication, of which
4    Defendant Lewis & Lewis acknowledged.

5            Defendant Qualitas, although stated they would contact us via Defendant
6    Lewis, failed to do so regarding the graffiti incident.  Defendant Qualitas was
7    given a telephone number (landline), of which belonged to the Aunt of Plaintiff
8    Maria Shupe.  At no time did Qualitas call said number.
9            Qualitas clearly breached the insurance contract entered into between
10   parties on Nov. 22, 2017 by voiding said policy, due to Defendants Qualitas
11   statement of "non-payment" of premiums.

12                                        **COUNT THREE**
13                                        **NEGLIGENCE**
14           The Plaintiffs herein incorporates by reference all of the paragraphs of this
15   Complaint as though fully stated herein.
16           The Defendant[s] failed to establish communications between themselves,
17   that would prevent the damages sustained by the Shupe's.  Until discovery is
18   completed, Plaintiffs can't yet determine exactly why Defendant Lewis & Lewis's
19   website, failed to communicate to Defendant Qualitas, that payment in full for
20   said policy had been made by the Shupe's on Nov. 22, 2017; if in fact such
21   communication occurred at all, or if Defendant Qualitas,  was merely defrauding
22   the Shupe's, absence Defendant Lewis & Lewis's knowledge. Four days had passed
23   from the time the Shupe's purchased said insurance, to the time the Shupe's were
24   involved in said accident. Surely four days, in the mind of a reasonable person,
25   should be more than an  adequate amount of time for such communication to
26   have taken place.  Said contract went into effect on Nov. 22rd, 2017; over twelve
27   hours after said policy was paid in full.
28           The Defendant[s] has a duty to the Shupe's to provide insurance
29   coverage's purchased, and paid for by the Shupe's.  The Defendant's have a
30   Duty to consumers, to insure that policy purchase information, is immediately
31   communicated between themselves and the insurer.

32                                             6

1    The Defendant[s] breached said duty when they purposefully left the
2  Shupe's standing on the roadside, without the insurance policy protections they
3  purchased.  Defendant breached said duty a second time, when they failed to
4  respond to the Plaintiffs second claim.
5    Defendant Lewis & Lewis have a legal duty to abide by the laws of the
6  states they market their insurance product in.  Defendant Lewis & Lewis have
7  a duty to fully explain all material facts, that would influence consumers
8  purchasing foreign auto insurance on their website.
9    The Defendant[s] actions directly were responsible for the Plaintiff's
10  financial losses; physical and emotional distresses.
11    The Plaintiff's suffered physical injury; emotional distress; and money
12  damages as a direct result of the Defendant[s] actions.
13
14                      **COUNT FOUR**
15        **INTENTIONAL INFLICTION OF EMOTIONAL /PHYSICAL DISTRESS**
16    The Plaintiff herein by reference incorporate all of the paragraphs of this
17  Complaint as though fully stated herein.
18    Arizona adopted the Restatement(Second)of Torts 46cmt. d; also see Ford
19  v. Revlon, 153, Ariz. 38,43, 734 P.2d 580, 585 (1987) (adopting the Restatement
20  articulation of the standard of liability for intentional infliction of emotional
21  distress).
22    Any reasonable person would articulate it to be extreme, and or
23  outrageous conduct, to accept a consumer's money;  issue an insurance policy;
24  and then to leave them standing by the roadside, without the protections they
25  purchased in good faith; especially when said parties are in a foreign country.  The
26  agent of Defendant Qualitas, knew the accident laws of Mexico; and thereby, also
27  knew the consequences that accompanied parties involved in an accident in
28  Mexico, who are without auto insurance.  The agent of Defendant Qualitas, could
29  easily foresee that the denial of said claim, would result in severe damages to the
30  Plaintiffs. The Defendant Qualitas acted with complete disregard for the Shupe's
31  well being.
32                          7

1    Defendant Qualitas made no attempt at the time of the accident to contact
2    Lewis & Lewis, to verify the Shupe's payment. The atrocious behavior by the
3    Defendant, directly clause severe emotional distress to the Plaintiff; so severe, it
4    caused Mr. Shupe to go into respiratory failure.   The agent of the Defendant,
5    having been fully explained all circumstances of the accident, knew that the
6    Shupe's would sustain severe financial losses or face having their vehicle
7    confiscated by the authorities.

8                                    **COUNT IV**
9                           **BREACH OF FIDUCIARY DUTY**
10   The Plaintiff by reference, herein incorporates all of the paragraphs of this
11   Complaint as though fully stated herein.

12   Under California Law, Defendant Lewis & Lewis hold a fiduciary duty. see
13   Cal. Insurance Code 1733; see also Westrec Marina Management Inc. v. Jardine
14   Ins. Brokers Orange County, Inc. (2000) 85 Cal. App 4th, 1042, 102 Cal.Rptr.2d
15   673. ("[a]ll funds received by any person acting as an insurance agent[][or]broker
16   as premium or return premium on or under any policy of insurance are received
17   and held by that person in his or her fiduciary capacity.

18   Defendant Lewis & Lewis acts in the capacity of agent; collecting the
19   premium,  and delivering the policy to the insured. HUB Int'l.,Id.(citing Cal. Ins.
20   Code )

21   Defendant Lewis & Lewis collected an annual insurance premium of
22   $660.00 from the Plaintiffs, then failed to insure that said collected premium
23   was properly recorded as payment in full to Defendant Qualitas, therein causing
24   severe harms to the Plaintiff above stated.

25

26

27                                      8

**COUNT V**

**BREACH OF THE IMPLIED DUTY OF**

**GOOD FAITH AND FAIR DEALING**

The Plaintiffs herein incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

The Defendant Qualitas entered into an insurance contract with the Plaintiff on Nov. 22, 2017.

The Plaintiffs did all of the significant things that said contract required.

Defendant Qualitas unfairly interfered with the Plaintiffs rights under said contract.  see : California Law, Contracts, 744 (8th Ed.); also see Sutherland v. Barclays American Mortgage Corp. 53 Cal. App 4th, 299, 314.

Defendant Qualitas caused financial harms, and severe emotional distress to the Plaintiffs.

**COUNT VI**

**UNJUST ENRICHMENT**

The Plaintiffs by reference herein incorporates all of the paragraphs of this Complaint as though fully stated herein.

Unjust enrichment is based on the idea that one person should not be permitted unjustly to enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained, or appropriated. see County of San Bernadino v. Walsh, 158 Cal. App. 4th, 533, 542 (2007)(citing Dinosaur Development Inc. v. White , 216, Cal. App. 3e 1310, 1315 (1989).

The Defendant[s] accepted monies in exchange for an insurance contract, of which Defendant Qualitas, refused to uphold, causing severe damages to the Plaintiffs.  Defendants has since refused to return the insurance premiums to the Plaintiffs.

9

1

**PRAYER FOR RELIEF**

2     There is no justification or excuse for the gross violations committed
3 by the Defendants, as cited in this Complaint.  When foreign companies seek
4 to do business in the U.S.A., said companies must respect the laws, and moral
5 traditions of the U.S.A.

6     The only discouragement for wrong-doing by said companies, is for
7 juries to target the pocket books of these companies who blatantly violate our
8 laws and traditions here in the U.S.A.  The Plaintiffs in this action, seek the jury to
9 be cogent of such, when making their decisions.

10

11 **COUNT I: A.R.S. 44-1522**

12     There is no excuse or justification for the intentional omission's found on
13 Defendant Lewis & Lewis's website.  The website fails to give consumers the
14 material facts necessary to make an informed purchase decision.  There exist
15 multiple auto insurance companies in Mexico, giving the consumer options,
16 away from the Defendants website, and the companies they represent.

17     The Plaintiffs seek $50,000 dollars in compensatory damages for their
18 pain,  and suffering.  The Plaintiff's seek punitive damages in an amount the
19 Jury deems appropriate.

20

21 **COUNT II: BREACH OF CONTRACT**

22

23     The Plaintiffs seek actual damages of $1,900.00.

24

25 **COUNT III: NEGLIGENCE**

26     The Defendants were grossly negligent in the management of their
27 business and the advertisement and promotion of said business.  The Plaintiffs
28 seek compensatory damages for the Plaintiff physical pain and suffering in the
29 form of respiratory failure on the part of Mr. Shupe, and emotional distress in the
30 form of anger, stomach upset, headache, nausea, loss of appetite.

31     The Plaintiffs seek compensatory damages of $100,000.00.  Plaintiff seek
32 punitive damages in the amount equal to three times the compensatory award.

33

1  **COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL AND PHYSICAL INJURY**

2        With reckless disregard for the consequences of their actions, the

3  Defendants intentionally inflicted severe hardships upon the Plaintiffs. There

4  exist no excuse for such behavior.

5        The Plaintiffs seek compensatory damages in the amount of $1,000,000.00

6  dollars.  The Plaintiffs seek punitive damages in an amount equal to three times

7  the award granted under this count for compensatory damages.

8

9  **COUNT V: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

10        Clearly, and without any justification, the Defendants breached their duty

11  of Good Faith owed to the Plaintiffs.

12        The Plaintiffs seek compensatory damages in the amount of $100,000.00

13  for the pain and suffering they experienced.  The Plaintiffs seek punitive damages

14  in an amount deemed to be reasonable by the jury.

15

16  **COUNT VI: UNJUST ENRICHMENT**

17        The events that were inflicted upon the Plaintiffs by the Defendants was

18  no accident.  Negligence doesn't occur accidently.  The Defendants took the

19  Plaintiffs money, and then further cost the Plaintiffs $1900.00 though their

20  willful and intentional negligence.

21        The Plaintiffs seek compensatory damages in the amount of $100,000.00.

22  The Plaintiffs seek punitive damages in an amount deemed to be appropriate.

23

24  **IN ADDITION:**

25        Plaintiffs seek prejudgment interest at 12%.

26        Plaintiffs seek all cost and reasonable attorney fees.

27        Plaintiff seek other monies deem appropriate by the Court and or the

28        jury.

29

30  **DEMAND FOR TRIAL BY JURY**

31

32

33             **10**

1   Respectively submitted this _____ day of _Maurch_, 2018.

2

3   _Maria Shupe_                                     _____

4   Maria Shupe                                       Richard Shupe

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

33                                        11