**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Richard Shupe, et al., | No. CV-18-00159-TUC-DCB |
|---|---|
| Plaintiffs, | **ORDER** |
| v. | |
| Lewis & Lewis Insurance Agency Incorporated, et al., | |
| Defendants. | |

On July 24, 2018, this Court denied a Motion to Dismiss in part as to Defendant Lewis and Lewis Agency, Inc., (Lewis') assertion that Plaintiff failed to name the proper party and for improper service. The Court held it would not dismiss the action on a mere technicality, specifically, the difference in naming Defendant Lewis & Lewis Insurance Agency with an ampersand instead of "and" and Jim Lewis instead of James Crane Lewis Jr. Lewis filed an Answer at the same time it filed the Motion to Dismiss so the Court assumes Lewis was served with the Summons and Complaint which were the subject of the Motion to Dismiss. Plaintiff failed to file the proof of service for Defendant Lewis as required by Fed. R. Civ. P. 4(l).

Also on July 24, 2018, the Court denied the Plaintiff's[1] request to serve Defendant Qualitas Compania de Seguros SA Grupo (Qualitas) by publication. Instead, the Court extended the time for service on this foreign corporation by 60 days. On September 27, 2018, the Plaintiff filed a Motion for Sanctions for Qualitas' failure to respond to the Plaintiff's service by waiver. Defendant Qualitas makes a special appearance for the sole

---
[1] Plaintiff Maria Shupe withdrew from this action on June 4, 2018. *But see* (Notice of Withdrawal (Doc. 7) signed by Richard Shupe).

purpose of opposing the Motion for Sanctions. Qualitas correctly notes that the waiver of service provisions relied on by the Plaintiff only apply to defendants located within the United States. Plaintiff did not file a Reply to this Response.

While Plaintiff is pro se, the Court notes that he is not without experience. He has filed a total of 15 cases in federal court. To the extent the Plaintiff might argue that as a pro se litigant he is not held to the same standard as an attorney, the Court clarifies that while it may liberally construe such things as his pleadings, "pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987). His pro se status does not immunize him from complying with the civil rules of procedure, especially when he has been advised of them either by this Court or the Defendant. The Plaintiff is advised to review Rule 4(f) and (h) for serving a foreign corporation. The Court shall extend the time to serve Qualitas by 30 days, and shall thereafter dismiss Qualitas as a Defendant unless the Plaintiff seeks leave for further extension of time and can show he is proceeding in a fashion which will ultimately culminate in properly serving Qualitas.

**Accordingly,**

**IT IS ORDERED** that the Motion for Sanctions (Doc. 22) is DENIED.

**IT IS FURTHER ORDERED** that the Plaintiff shall comply with Rule 4(l) and file proof of past service on Lewis and any future service on Qualitas.

**IT IS FURTHER ORDERED** that Plaintiff is granted a 30 day extension of time to serve Qualitas.

**IT IS FURTHER ORDERED** that in the event Plaintiff fails to comply with this Order for the proper service of the Summons and Complaint on Qualitas, including filing the proof of service, this Court shall dismiss Qualitas from this action without further notice to the Plaintiff.

**IT IS FURTHER ORDERED** that the Notice of Withdrawal shall be refiled signed by Maria Shupe, not her husband.

**IT IS FURTHER ORDERED** that the Plaintiff shall comply with the Federal

Rules of Civil Procedure and the Rules of Practice for the United States District Court for the District of Arizona (the Local Rules).  See www.azd.uscourts.gov.

Dated this 17th day of December, 2018.

_____
Honorable David C. Bury
United States District Judge