**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Shupe, et al., | No. CV-18-00159-TUC-DCB |
| Plaintiffs, | **ORDER** |
| v. | |
| Lewis & Lewis Insurance Agency Incorporated, et al., | |
| Defendants. | |

On March 26, 2018, Plaintiffs filed their Complaint against Defendants Lewis and Lewis Insurance Agency (Lewis and Lewis), a California corporation, and Qualitas Compania de Seguros (Qualitas), a Mexico corporation. Plaintiffs served process on Lewis and Lewis. Plaintiffs have not served Qualitas. Pursuant to Fed. R. Civ. P.4(h), Rule 4(f) applies to serving Qualitas, a foreign corporation. Rule 4(f) provides for service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Mexico and the United States are signatories to the Hague Convention, therefore, service of process on Defendant Qualitas in Mexico must conform to the requirements of the Hague Convention. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988). "The primary means by which service is accomplished under the Convention is through a receiving country's 'Central Authority.'" *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir.2004).

Plaintiffs filed a Motion for Alternative Service on Qualitas because, after living in Mexico for a number of years, Plaintiffs are familiar with how process works in Mexico. According to the Plaintiffs, while it is technically possible to serve a party in Mexico, "what happens is that service is rarely affected because of the corruption of the Police department who ultimately are responsible to make the service of process." (Motion (Doc. 32) at 2.) Unfortunately for Plaintiffs, this is the sole avenue available to serve Defendant Qualitas, a Mexican corporation. The Court shall grant an extension of time for Plaintiffs to affect service in conformance with the Hague Convention. When signing the Hague Convention, Mexico objected to the Plaintiffs' alternative suggestion for service of process by certified mail. Therefore, as long as service under the Hague is possible, the alternative of serving process by certified mail is not an option under Rule 4(f)(3), as an "other means not prohibited by international agreement, as the court orders."

The Court shall grant the Plaintiffs an extension of time to serve Defendant Qualitas, a Mexican corporation in Mexico, for as long as necessary upon proof that Plaintiffs have initiated the process and are in compliance with the Hague Convention for service of process and are complying with any directives from the Central Authority.

The Plaintiffs also seek to amend the Complaint to add Defendant Qualitas Insurance Co., a California company. The Plaintiffs assert that they have properly served this California company but do not offer proof of service.

The Plaintiffs have not complied with LRCiv 15.1(a), for amendment of pleadings by motion. The Court will consider the request to add Qualitas Insurance Co., if and when a motion for leave to amend the Complaint to add it is filed by Plaintiffs in compliance with Rule 15.1(a), including attaching "a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added."

**Accordingly,**

**IT IS ORDERED** that the Motion for Alternative Service of Process (Doc. 32) is

DENIED.

**IT IS FURTHER ORDERED** that the Motion for Extension of Time (Doc. 31) is GRANTED upon the filing by the Plaintiffs of proof that they have initiated service of process on Qualitas Compania de Seguros with the Central Authority in Mexico, pursuant to the Hague Convention. The extension shall depend on the Plaintiffs filing proof of commencement of service of process in Mexico within 14 days of the filing date of this Order. Failure by Plaintiffs to provide proof that they have initiated process of service in Mexico may result in this Court dismissing Defendant Qualitas from this action.

**IT IS FURTHER ORDERED** that if Plaintiffs pursue service of process in Mexico on Qualitas, the Plaintiffs shall file status reports with the Court upon receiving any communications from the Central Authority regarding service and shall attach any such communication to the status report. Even if there are no Central Authority communications, the Plaintiffs shall file a status report with this Court 90 days from the filing date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiffs seek to add Qualitas Insurance Company, a San Diego, California, corporation, they shall do so by filing a Motion for Leave to Amend the Complaint and shall comply with LRCiv. 15.1(a).

Dated this 6th day of May, 2019.

_____
Honorable David C. Bury
United States District Judge